IN THE UNITED STATES DISTRICT COURT

FOR TH DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMAALA JONES BEY** | : |
|    Next Friend and Mother of Daughter | : |
|    Z.J.B. – Individually and soon to be | : |
|    Personal Representative and Administrator of | : |
| THE ESTATE OF KARON HYLTON | : |
| | : |
| v. | : CA # 21- cv- 02785, CJN |
| | : |
| **DISTRICT OF COLUMBIA** | : |
| **OFFICER TERRANCE SUTTON** | : |
| **OFFICER TEJERA # 10376** | : |
| **OFFICER AMED AL'SHAWL # 11756** | : |
| **OFFICER CORY NOVICK # 11594** | : |
| **OFFICER ANDREW ZABVASKY** | : |

PLAINTIFF'S EXPLANATION FOR LACK OF SUMMONS

    Comes now, Z.J.B. Plaintiff, by Amaala Jones-Bey, her Mother and by counsel, David L. Shurtz, Esq. and in response to this Court's Query:

MINUTE ORDER. Upon review of the Plaintiff's 1 Complaint, it is ORDERED that the Plaintiff shall provide an update on or before January 7, 2022 as to why a summons was not filed in accordance with Federal Rule of Civil Procedure 4(b). Signed by Judge Carl J. Nichols on December 15, 2021

    Plaintiff explains as follows:

1

Federal Rule of Civil Procedure 4 (b) states: "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." It would appear that there is some flexibility built into Rule 4 (b) as it appears it is within the discretion of the Plaintiff when the summonses shall be issued as it says: "plaintiff "may" present a summons to the clerk for signature and seal."

It is not as if Plaintiff is looking for excuses for delay. The opposite is true. However, Plaintiff appreciates the opportunity of explaining the exigent conditions which dictate that Plaintiff would prefer to wait to issue the summonses until after she is appointed to be the personal representative (hereinafter "PR") of the Estate of Karon Hylton. Being appointed the PR of the Estate of Karon Hylton is dependent on the schedule of the Probate Division. Amaala Jones Bey has filed her Petition to be appointed the Personal Representative of the Estate of Karon Hylton with the Probate Division. There is a delay in processing her application because she is asking to keep her address under seal. This has delayed her appointment as the PR because the Probate Division wants Ms. Jones-Bey to explain why it would be more important for her to keep her address under seal rather than exposing her address to the public as is usually the case. Unfortunately, this request to keep her address under seal has delayed her appointment as the PR.

It was the intention of the Plaintiff to file this instant Complaint before various statute of limitations on intentional tort claims went past the one year statute of limitations. Plaintiff's Mother and Guardian is an adult parent with the closest relationship to the sole heir, Z.J.B. Even though it is Plaintiff's position that the statute of limitations should not run until one year after the child reaches the age of

majority, it was not worth fighting that battle and was easier to file before the statute of limitations of one year runs under any conceivable challenge.

However, it was the intention of Plaintiff to file her Complaint after the Mother was appointed to be the Personal Representative of the Estate of Karon Hylton, the child's deceased father. Since the mother has the power and authority to file a complaint on behalf of the child as the next friend as well as the PR, and the mother is the closest relationship to the 1 year old minor child, it was appropriate, in any event, to file the said complaint on behalf of the child Z.J.B. However, Plaintiff prefers to have the service issued after she is appointed the Personal Representative of the Estate.

This is not for want of lack of initiative on the part of Plaintiff's next friend and mother of Z.J.B. The speed at which the Probate Division is proceeding is very slow during this COVID period of time. They frequently insist on snail mail and the Probate Division has not been opened for full "walk-in" service. There is another reason for the delay on Ms. Bey's appointment to be the PR of the Estate of Karon Hylton. It has nothing to do with her qualifications as she is the most qualified to person to be the personal representative as she is the person with the closest relationships to the heir.

The reason for the delay of her appointment is that she has requested that she be able to keep her address under seal. The Probate Judge is requesting reasons

to grant Ms. Jones-Bey's request to put her address under seal. She prefers to keep those reasons under seal. But one very good reason that Plaintiff's counsel can reveal is that she wants to keep her address concealed is because she is afraid for her life and the life of her child because of the violent propensities of gangs who frequent Kennedy Street that knew Karon Hylton and that also know her.

When the police were chasing Karon Hylton that gave rise to the instant law suit, they indicated that they were concerned that he might have a gun because Karon Hylton, the father of Z.J.B., had gotten into a previous altercation earlier that day and they feared Karon Hylton might have a gun. Thus, there were reasons to fear gang related activity. The Washington Post revealed the pretext excuse that the police used to chase Karon. According to an article in the Washington Post, October 22, 2021, as "Sutton's lawyer in the criminal case, J. Michael Hannon, said in a letter to DC Police Chief Robert J. Contee III that police were pursuing Hylton because officers had seen him in the altercation earlier that day, that he returned on the moped exhibiting an angry demeanor: and officers feared that Hylton had a juvenile gun conviction and that Zabavsky directed them to stop Hylton to determine whether he was armed, Hannon wrote". Implicitly, the inference is that these officers believed that there was a drug war going on and that these officers did not want that drug gang fueled rage to spill over into the community with shots fired, that could hit innocent people as well as intended victims.

There has been numerous shooting murders on or near Kennedy Street where Karon Hylton died during a biker chase by the MPD Officers listed in this complaint. The Washington Post has noticed the numerous killings and has pointed this out in its Front Page January 1, 2022 article entitled, *Killings rocketed in Md. suburbs and D.C. in 2021.* https://www.washingtonpost.com/dc-md-va/2021/12/31/2021-

homicides-dc-rising/he. The Washington Post also ran an article about a shooting a block from where Karon Hylton died, where 6 people were shot three of whom died. https://www.washingtonpost.com/local/public-safety/dc-shootings-saturday-brightwood-park/2021/09/05/6480efb6-0e3c-11ec-882f-2dd15a067dc4_story.html. And the following week, another person was found shot to death in his car. https://www.washingtonpost.com/local/public-safety/man-shot-critically-wounded-in-nw-washington-police-say/2021/09/11/c87eb648-12c3-11ec-882f-2dd15a067dc4_story.html. This is all within a block of where Karon Hylton was killed. The locals believe that these shootings were gang related. Thus, Amaala Jones Bey is in reasonable fear for the life of herself and her child and wants to keep her address under seal.

There are additional reasons why Ms. Hylton wants to keep her address under seal which she prefers are kept under seal. But, the bottom line is that the Probate Court has not challenged her qualifications to be the PR of her daughter's estate, the reason for the delay is because she is requesting to keep her address under seal.

Plaintiff's Mom prefers to be appointed as the the PR of Karon Hylton's Estate before she serves the summons. As soon as she is appointed the PR of the Estate of Karon Hylton, she will amend her Complaint accordingly. However, if this court insists on proceeding with summonses before she is appointed PR, she will proceed

under her authority as the next friend of Z.J.B. But this would mean she would have to Amend Her Complaint twice.

According to the Probate Court, Amaala Jones-Bey must submit the reasons for her desire to conceal her address by January 31, 2021. But the Probate Division is really proceeding at a slow rate and Plaintiff prefers to be granted a 5 month extension to issue summons on the instant complaint out of an abundance of caution, not because she wishes this amount of time, but because the Probate Division is slow. If the Probate Division appoints Ms. Jones Bey the PR sooner, Plaintiff will issue the summons shortly thereafter as Plaintiff has no reason to delay and has every reason to expedite the issuing the summons after she is appointed the PR of the Estate of Karon Hylton.

I hope this explains why Plaintiff has filed the complaint before the end of the first year following the death of Karon Hylton and why she wants to wait to issue the summonses until after she is appointed to be the personal representative of the estate of Karon Hylton.

I submit this in response to the query of this court:

_____/s/_____

David L. Shurtz, Esq.
1200 N. Nash Street, # 835
Arlington, VA  22209
(202) 617-9141
dshurtz103@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the following explanation has been served on this court on this 3rd day of January as is appropriate since the parties are not as yet at issue.

_____/s/_____
David L. Shurtz